## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | |
|---|---|
| **EDWIN ULYSSES MENDOZA** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | Civil Action No.  5:19-CV-0076 |
| **RODRIGO RUIZ, INDIVIDUALLY, AND** § | |
| **IN HIS OFFICIAL CAPACITY AS** § | |
| **LAREDO POLICE OFFICERS, AND** § | |
| **THE CITY OF LAREDO TEXAS,** § | |
| § | |
| Defendants. § | |
| § | |

## DEFENDANT CITY OF LAREDO POLICE OFFICER RODRIGO RUIZ' ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE DIANA SALDANA:

**NOW COMES CITY OF LAREDO POLICE OFFICER RODRIGO RUIZ**, Individually and in His Official Capacity, Defendant in the above styled and numbered cause and files this his Original Answer to Plaintiff's Original Complaint heretofore filed and in support thereof would respectfully show unto the Court the following:

### I.
### FIRST DEFENSE

Plaintiff's Original Complaint fails to state a cause action against this Defendant upon which relief may be granted.

### II.
### SECOND DEFENSE

Defendant **CITY OF LAREDO POLICE OFFICER RODRIGO RUIZ** admit that this action purports to arise from alleged violations of Plaintiff's constitutional rights pursuant to 42 U.S.C. §1983 as alleged in Plaintiff's Original Complaint; however, Defendant denies that any cause of action exists there under.

## III.
## THIRD DEFENSE

Defendant **OFFICER RUIZ** denies Paragraphs 6 – 11 of Plaintiff's Original Complaint. Jurisdiction is proper in the United States District Court for the Southern District of Texas, Laredo Division, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b), as a matter of law.

## IV.
## FOURTH DEFENSE

Defendant **OFFICER RUIZ** denies "Facts," Paragraphs 12 – 19 of Plaintiff's Original Complaint. Defendant Officer Ruiz would show unto the Court that he was dispatched to the TKO Bar at 520 Schilo in Laredo, Texas on May 22, 2017. A security officer at the TKO Bar had called stating that he needed immediate assistance due to aggressive suspects at the bar. While Defendant Officer Ruiz and other City of Laredo Police Officers were in route to the TKO Bar, Dispatch was notified that the suspects had left the bar in a Black CTS Cadillac identifying the license plate tags. Defendant Officer Rodrigo Ruiz spotted the suspect vehicle and conducted a felony stop of the vehicle along with other officers of the City of Laredo Police Department.

The driver of the Black CTS Cadillac was ordered to throw the keys out the window and exit the vehicle with his hands up by Defendant Officer Ruiz. The driver complied with Defendant Ruiz' commands and was handcuffed without further incident. The front passenger was given commands by Officer Lopez as to exit the vehicle with his hands up and the second individual exited the vehicle and was in the process of being handcuffed when Officer Ruiz ordered Plaintiff Edwin Ulysses Mendoza to keep his hands up. Plaintiff Mendoza failed to obey the lawful commands of Officer Ruiz and exited the

vehicle with an object in his hand. Defendant Officer Rodrigo Ruiz was placed in imminent fear of death or bodily injury by the actions of Plaintiff Edwin Ulysses Mendoza in failing to obey his commands and exiting a vehicle with an object in his hands against the lawful commands of Officer Ruiz. Defendant Officer Rodrigo Ruiz discharged his firearm one time at such time as Plaintiff Edwin Ulysses Mendoza had placed him in imminent fear of death or serious bodily injury.

Defendant Officer Rodrigo Ruiz asserts that at all times made the basis of Plaintiff's complaint that he was acting in the course and scope of his employment as a police officer for the City of Laredo, pursuant to his discretionary functions and at all times acted in good faith and therefore, is entitled to the protective shroud of "good faith" qualified immunity and official immunity, as a matter of law.

## V.
## FIFTH DEFENSE

Defendant **OFFICER RUIZ** denies Paragraphs 20 and 21 of Plaintiff's Original Complaint. Defendant denies that the City of Laredo Police Department encourages its employees to act with deliberate indifference to the constitutional rights of individuals and/or that it has a custom and policy of misconduct by police officers.

## VI.
## SIXTH DEFENSE

Defendant **OFFICER RUIZ** denies Paragraphs 22 through 25 of Plaintiff's Original Complaint. Defendant Officer Rodrigo Ruiz asserts that he is not liable for the state law tort claim of assault and/or false imprisonment under the **TEXAS TORT CLAIMS ACT**, Chapter 101, §101.021, §101.0215, §101.055, §101.056, §101.057 and §101.106 (e) and (f), as a matter of law.

## VII.
## SEVENTH DEFENSE

Defendant **OFFICER RUIZ** denies "Violation of Constitutional Rights" Paragraphs 26 through 29 of Plaintiff's Original Complaint. Defendant Officer Ruiz asserts that the traffic stop in question was based on reasonable suspicion and a felony stop was conducted which was reasonable under the totality of circumstances. Plaintiff Edwin Ulysses Mendoza was the only individual inside the Black CTS Cadillac who failed to obey the lawful commands of the officers. Plaintiff Edwin Ulysses Mendoza placed Defendant Officer Rodrigo Ruiz in imminent fear of death or serious bodily injury by his actions. Defendant Officer Ruiz is entitled to the protective shroud of qualified immunity and official immunity, as a matter of law.

## VIII.
## EIGHTH DEFENSE

Defendant **OFFICER RUIZ** denies asserts that his actions as a law enforcement officer were justified pursuant to the Texas Penal Code, Chapter 9, Section 9.51, as a matter of law. Defendant Officer Rodrigo Ruiz asserts his entitlement to qualified immunity and Official Immunity, as a matter of law.

## IX.
## NINTH DEFENSE

Defendant **OFFICER RUIZ** asserts his defenses under the **TEXAS CIVIL PRACTICE & REMEDIES CODE**, Chapter 41, §41.0105 and Chapter 108, §108.002, as a matter of law.

## X.
## TENTH DEFENSE

Defendant **OFFICER RUIZ** denies Paragraph 30 through 32 of Plaintiff's Original Complaint. Defendant Officer Ruiz is entitled to the protective shroud of qualified immunity, official immunity and the election of Remedies Code bar under Chapter 101, §101.106 (e) and (f), as a matter of law.

## XI.
## ELEVENTH DEFENSE

Defendant **OFFICER RUIZ** denies Paragraphs 33 through 34 of Plaintiff's Original Complaint.

## XII.
## TWELFTH DEFENSE

Defendant **OFFICER RUIZ** denies "Attorney's Fees" Paragraph 35 of Plaintiff's Original Complaint. Defendants would show unto the Court that Plaintiffs are not entitled to attorney's fees pursuant to 42 U.S.C. §1988, as a matter of law.

## XIII.
## THIRTEENTH DEFENSE

Defendant **OFFICER RUIZ** denies "Prayer" Paragraph 37 of Plaintiff's Original Complaint. Defendant would show unto the Court that Plaintiff is not entitled to any of the relief requested and is not entitled to attorney's fees under 42 U.S.C. § 1988. Defendant denies that Plaintiff is entitled to any of the relief requested.

## XIV.
## FOURTEENTH DEFENSE

Defendant **OFFICER RUIZ** herein denies any allegations in Plaintiff's Original Complaint not specifically admitted herein and demands strict proof thereof as required by law.

Defendant **OFFICER RUIZ** herein demand a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **OFFICER RODRIGO RUIZ** prays that Plaintiff's suit be dismissed against him, or in the alternative, that the Plaintiff take nothing by his lawsuit against him, that Defendant have Judgment herein, that the Defendant be awarded his costs expended, including reasonable attorney's fees and for such other and further relief, both general and special, and at law and in equity, to which he may show himself justly entitled.

Respectfully submitted,

LAW OFFICES OF CHARLES S. FRIGERIO
A Professional Corporation
Riverview Towers
111 Soledad, Suite 840
San Antonio, Texas  78205
(210) 271-7877
(210) 271-0602 Telefax


BY: //s// Charles S. Frigerio
         CHARLES S. FRIGERIO
         SBN:  07477500

         HECTOR X. SAENZ
         SBN: 17514850
ATTORNEYS FOR DEFENDANTS
THE CITY OF LAREDO AND OFFICER
RODRIGO RUIZ

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing Defendant Officer Rodrigo Ruiz' Original Answer filed via CM/ECF has been forwarded on this the 7th day of June, 2019 by certified mail to:

Mr. Jose Salvador Tellez II
Tellez Law
Attorney at Law
1000 Washington Street, Suite 1
Laredo, Texas 78040          Email: joeytellez@tellezlaw.com
                                                      priscilla@tellezlaw.com

                                                   //s// Charles S. Frigerio
                                                   CHARLES S. FRIGERIO